1
2
3
4
5
6
7
8
9          IN THE UNITED STATES DISTRICT COURT
10         FOR THE NORTHERN DISTRICT OF CALIFORNIA
11
12   JULIO SANDOVAL, G-44696,          )
                                       )
13              Petitioner,            )        No. C 11-6246 CRB (PR)
                                       )
14        vs.                          )        ORDER TO SHOW CAUSE
                                       )
15   MARTIN BITER, Warden,             )        (Docket # 2, 3 & 5)
                                       )
16              Respondent.            )
     _____    )
17
18         Petitioner, a state prisoner incarcerated at Kern Valley State Prison

19   (KVSP), has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. §

20   2254 challenging a conviction from Santa Clara County Superior Court.  He also

21   seeks appointment of counsel and leave to proceed in forma pauperis under 28

22   U.S.C. § 1915.

23                              **BACKGROUND**

24         Petitioner was convicted by a jury of the first degree murder of Dario

25   Arriola with personal use of a deadly and dangerous weapon, assault with a

26   deadly weapon upon Samuel Pinon with personal infliction of great bodily harm,

27   and assault with a deadly weapon upon Beldon Mendez.  On December 22, 2008,

28   he was sentenced to 33 years to life in state prison.

Petitioner unsuccessfully appealed his conviction to, and sought state habeas relief from, the California Court of Appeal.  The  Supreme Court of California denied review on October 13, 2010.

## DISCUSSION

A.    Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B.    Claims

Petitioner seeks federal habeas corpus relief by raising three claims: (1) insufficiency of the evidence, (2) denial of equal protection, and (3) ineffective assistance of counsel.  Liberally construed, the claims appear cognizable under § 2254 and merit an answer from respondent.  See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

C.    Motion for Appointment of Counsel

Petitioner's request for appointment of counsel (docket # 3) is DENIED without prejudice.  See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986) (unless an evidentiary hearing is required, the decision to appoint counsel in habeas corpus proceedings is within the discretion of the district court). Petitioner adequately presented his claims for relief in the petition and an order to show cause is issuing.  Accord Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir.

1984) (although petitioner had no background in law, denial of appointment of counsel within discretion of district court where petitioner clearly presented issues in petition and accompanying memorandum).  The court will appoint counsel on its own motion if an evidentiary hearing is later required.  See Knaubert, 791 F.2d at 728 (appointment of counsel mandatory if evidentiary hearing is required).

## CONCLUSION

For the foregoing reasons and for good cause shown,

1.     Petitioner's request to proceed in forma pauperis (docket # 2 & 5) is GRANTED.

2.     The clerk shall serve a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California.  The clerk also shall serve a copy of this order on petitioner.

3.     Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

4.     Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to  Rule 4 of the

Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within 30 days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within 15 days of receipt of any opposition.

     5.     Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must also keep the court and all parties informed of any change of address.

SO ORDERED.

DATED:  April 12, 2012

CHARLES R. BREYER
United States District Judge